UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| vs. | ) | CAUSE NO. 3:03-CR-84 AS |
| | ) | |
| ROBERT L. SLEEPERS | ) | |

OPINION and ORDER

On February 25, 2004, Robert Sleepers pleaded guilty to a cocaine-distribution conspiracy and a money-laundering conspiracy as charged in Counts 1 and 4 of the Indictment. On June 18, 2004, the court sentenced Mr. Sleepers to the statutory minimum term of 240 months' imprisonment on both counts (Doc. No. 40). On June 8, 2005, despite having waived his right to contest his conviction and the sentence imposed, including the right to file post-conviction petitions pursuant to 28 U.S.C. § 2255 (Doc. No. 28), Mr. Sleepers filed a Motion to Vacate pursuant to 28 U.S.C. § 2255 (Doc. No. 45). Mr. Sleepers argued that his counsel was ineffective for "goading" the defendant to enter a plea, for failing to file an appeal, for failing to denote the government's breach of the plea agreement, for failing to assert that improper notice of a sentence enhancement vitiated the court's power to enhance the sentence, and for failing to argue that the career offender status did not apply to consolidated convictions. The court rejected Mr. Sleepers' arguments and denied the motion on August 3, 2005 (Doc. No. 49). On appeal, the court of appeals affirmed this court's decision, determining that there was "no substantial showing of the denial of a constitutional right."

Sleepers v. United States, No. 06-1705 (7th Cir. Oct. 17, 2006). This court denied Mr. Sleepers' March 12, 2008 request to reduce his sentence based on the Guidelines (Doc. No. 69), a decision which was also affirmed. *See* United States v. Sleepers, 295 Fed.Appx. 849 (7th Cir. Oct. 9, 2008).

Mr. Sleepers is now before the court on his "Motion Under Rule 60(b) of the Federal Rules of Civil Procedure," in which he states that the motion isn't one under 28 U.S.C. § 2255 because his arguments are "jurisdictional in nature" and don't attack the substance of his conviction, but instead attack the integrity of the proceedings. (Doc. No. 82 at 1-2). Mr. Sleepers argues that he is being held in custody unlawfully because the Government didn't provide sufficient evidence that his criminal activity affected interstate commerce, the indictment didn't set out the elements of the offense, he wasn't provided adequate notice for his prior convictions to be used for a sentence enhancement, and the court imposed improper special assessment fees at sentencing—arguments similar to some of the arguments made in his August 2005 section 2255 petition.

Mr. Sleepers asserts that under Gonzales v. Crosby, 545 U.S. 524 (2005), this court has authority to revisit the judgment of conviction and sentence rendered in this case. Mr. Sleepers misinterprets the case law. Gonzales stands for the proposition that a Rule 60(b) motion in a section 2254 case is not a successive habeas petition if it doesn't assert or reassert claims of error in the movant's state conviction. Gonzales v. Crosby, 545 U.S. at 538. The Gonzales Court made it a point to add that its holding only considered the extent to which

Rule 60(b) applies to habeas proceedings under 28 U.S.C. § 2254. Id. at 530, n.3 (determining that federal prisoners generally seek postconviction relief under section 2255, which contains its own provision governing second or successive applications, and although that portion of section 2255 is similar to, and refers to, the statutory subsection applicable to second or successive section 2254 petitions, they are not identical). Gonzales is inapplicable to Mr. Sleepers' case.

Even so, despite Mr. Sleepers' contention that he seeks review based on issues that, according to him, "[ are] jurisdictional in nature" (Doc. No. 82 at 11), Mr. Sleepers challenges his conviction and sentence based on the very types of grounds identified in section 2255. *See* Curry v. United States, 507 F.3d 603, 604 (7th Cir. 2007) (reasoning that "[o]ften a prisoner will file a motion under Rule 60(b) of the civil rules, that is, a motion to reconsider a judgment, but the ground of the motion and the relief he seeks will mark the motion as functionally a petitioner for habeas corpus or a motion under section 2255, because it challenges the legality of his detention and seeks his release."). Mr. Sleepers' objection to the sufficiency of the evidence used to convict, the sufficiency of the indictment, and the types of enhancements and fines imposed at sentencing, are arguments that contest his conviction and sentence, not the habeas proceedings.

28 U.S.C. § 2255(a) provides that a federal prisoner may seek to have his sentence vacated, set aside, or corrected based on a claim that the sentence was imposed in violation of the Constitution or laws of the United States or is otherwise subject to collateral attack. Mr. Sleepers' first section 2255 petition was

3

denied in August 2005. A sentencing court may consider a second or successive petition only if the petitioner seeks an order from the appropriate court of appeals authorizing the district court to consider the application. 28 U.S.C. § 2244(3); *see also* 28 U.S.C. § 2255(h) ("A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals . . . "). Mr. Sleepers hasn't alleged or established that he petitioned the court of appeals for an order allowing him to proceed with a second or successive section 2255 petition, and he can't avoid the requirements of 28 U.S.C. § 2255 or § 2244 by "inventive captioning . . . [a]ny motion filed in the district court that imposed the sentence, and [is] substantively within the scope of § 2255 ¶ 1, *is* a motion under § 2255, no matter what title the petitioner plasters on the cover." Melton v. United States, 359 F.3d 855, 857 (7th Cir. 2004) (internal citations omitted); *see also* Collins v. Holinka, 510 F.3d 666, 667 (7th Cir. 2007) ("A motion in a criminal case—whether nominally under Fed. R. Crim. P. 33, or bearing an ancient title such as coram vobis or audita querela—may be treated as one under § 2255, because the caption on a document does not matter."); United States v. Lloyd, 398 F.3d 978, 980 (7th Cir. 2005) ("Call it a motion for a new trial, arrest of judgment, mandamus, prohibition, coram nobis, coram vobis, audita querela, certiorari, capias, habeas corpus, ejectment, quare impedit, bill of review, writ of error, or an application for a Get-Out-of-Jail Card; the name makes no difference. It is substance that controls.") (*citing* Melton, 359 F.3d at 857).

In denying Mr. Sleepers' initial section 2255 petition, this court determined that he didn't establish a viable claim that his attorney's legal assistance amounted to ineffective assistance of counsel or that his conviction and sentence were improper. The court of appeals affirmed this determination. Mr. Sleepers' August 31 pleading, though labeled a 'motion for relief from judgment pursuant to Rule 60(b),' is Mr. Sleepers' way of seeking relief on issues to be considered under section 2255—contentions that his conviction should be set aside or his sentence reduced. Therefore in substance, it is a successive motion under 28 U.S.C. § 2255. Because this court lacks jurisdiction to rule on a successive application without the court of appeals' permission, the motion must be denied *See* Curry, 507 F.3d at 605; United States v. Carraway, 478 F.3d 845 (7th Cir. 2007).

Mr. Sleepers' "Motion Under Rule 60(b) of the Federal Rules of Civil Procedure" (Doc. No. 82) must be construed as a second or successive petition under 28 U.S.C. § 2255. Because the court is without jurisdiction to consider Mr. Sleepers' unauthorized successive collateral attack filed on August 31, 2009 (Doc. No. 82), the motion is DISMISSED for want of jurisdiction.

SO ORDERED.

ENTERED:  September 8, 2009

/s/ Robert L. Miller, Jr.
Chief Judge
United States District Court

cc: R. Sleeper